UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| FRANK A. MARION & CLOVIS H. MARION, | ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-00178 JWS |
| vs. | ) ) | ORDER AND OPINION |
| MARICOPA COUNTY ADULT PROBATION DEPARTMENT, *et al.*, | ) ) ) | [Re: Motion at Docket 105 ] |
| Defendants. | ) ) | |

## I.  MOTION PRESENTED

At docket 105, defendants Michael Goss, Athena DeKarske, Kurt Margosian, Sean Steill, and Jerry Waller move pursuant to Federal Rule of Civil Procedure 37(c)(1) to exclude the testimony of Michael O'Connor, plaintiffs' untimely disclosed expert witness.  Plaintiffs oppose the motion at docket 107.  Defendants' reply is at docket 108.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

On October 21, 2009, this court filed a Scheduling and Planning Order which required all expert witness disclosures to be made by May 15, 2010.[1]  The order

---

[1] Doc. 69 at 2.

required all discovery to be completed by August 15, 2010. On May 13, 2010, defendants disclosed the identity of their sole expert witness in compliance with Federal Rule 26(a)(2) and the scheduling order. On August 5, 2010, the parties stipulated to an enlargement of the time for discovery, and the court extended the discovery deadline to September 14, 2010. On September 3, 2010, plaintiffs disclosed their intention to use an expert witness. Plaintiffs' disclosure mistakenly designated their expert as a fact witness and was not accompanied by the requisite written report.

### III.  STANDARD OF REVIEW

Under Federal Rule 26(a)(2), a party must disclose the identity of expert witnesses it may use at trial and accompany that disclosure with a written report summarizing the expert's opinions and qualifications.[2] "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."[3] Federal Rule 37(c)(1) provides specifically that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless."[4] Rule 37 provides for other, lesser sanctions "[i]n addition to or instead of" exclusion.[5]

---

[2] Fed. R. Civ. P. 26(a)(2).

[3] *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

[4] Fed. R. Civ. P. 37(c)(1).

[5] *See id.*

## IV.  DISCUSSION

The court's scheduling order was explicit:

> If expert witness or other fact discovery is not completed by the dates . . . specified, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished.  *A discovery conference must be requested if more time is required to complete such discovery.*  The court will not routinely approve requests or stipulations for extensions of time for discovery.[6]

Plaintiffs maintain that they did not intend to retain an expert until defendants' expert disclosure was made two days before the deadline.  If that was the case, and plaintiffs did not have an expert at their immediate disposal, plaintiffs should have sought relief by stipulation or motion.  Plaintiffs attempted neither.  When plaintiffs did make the requisite disclosure, it mislabeled the expert as a fact witness and did not include a written report identifying the substance of the expert's testimony or his qualifications.

Plaintiffs' only substantive argument is that their failure to disclose was harmless and exclusion is therefore improper.[7]  The Ninth Circuit, however, has explicitly stated that "[d]isruption to the schedule of the court and other parties . . . is not harmless."[8]  That pronouncement came "even though the ultimate trial date was still some months away."[9]  It is therefore immaterial that trial has not yet been scheduled in the present case.  As defendants correctly point out, the deadline for dispositive motions was

---

[6]Doc. 69 at 2 (emphasis added).

[7]Doc. 107 at 3 & n.2; *see* Fed. R. Civ. P. 37(c)(1).

[8]*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

[9]*Id.*

slightly more than a month after plaintiffs' witness was formally disclosed.[10] Plaintiffs' delay was not harmless.

Plaintiffs also emphasize that their expert was disclosed, if informally, by e-mail to defendants' counsel. Plaintiffs' informal disclosure occurred on August 23, 2010, only days before formal disclosure was made. Moreover, without the report required by Rule 26(a)(2)(B), disclosure of the expert's name and *curriculum vitae* did little more than put defendants on notice that plaintiffs intended to hire an expert on criminal procedure. Plaintiffs' e-mail neither complied with Rule 26(a)(2) nor remedied the three-month delay.

Finally, plaintiffs urge that lesser sanctions are appropriate. The deadlines for discovery and dispositive motions have already been enlarged once and defendants have already filed a motion for summary judgment. The court concludes that exclusion is appropriate under these circumstances.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion at docket 105 to exclude the testimony of Michael O'Connor pursuant to Federal Rule of Civil Procedure 37(c)(1) is **GRANTED**.

DATED this 29th day of October 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10]Defendants have, in fact, filed a motion for summary judgment. Doc. 110.