UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK A. MARION & CLOVIS H. MARION ) ) | |
| Plaintiffs, ) ) | 2:09-cv-00178 JWS |
| vs. ) ) | ORDER AND OPINION |
| MARICOPA COUNTY ADULT PROBATION et al., ) ) ) | [Re: Motion at Docket 130] |
| Defendants. ) ) | |

## I. MOTION PRESENTED

At docket 130, plaintiffs Frank A. Marion and Clovis H. Marion, through the representatives of their estates, move in limine to preclude various evidence at trial. Defendants Michael Goss, Athena Dekorski, Kurt Margosian, Sean Steill, and Jerry Waller (collectively "defendants") oppose the motion at docket 132. Plaintiffs' reply is at docket 137. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Comprehensive background is set out in the order at docket 123.[1] Plaintiffs are deceased. Their sons, John and Robert Marion are the personal representatives of

---

[1] Doc. 123 at 1–4.

their estates. Defendant Margosian was John Marion's probation officer. John Marion was on probation for a sex offense and acted as a caretaker to his elderly parents. Based on information suggesting that John Marion had violated the terms of his probation, Margosian and a small team of probation and police officers searched plaintiffs' residence on Harmont Drive. The extent to which John Marion was living with his parents or had common authority over any portion of the Harmont Drive residence is in dispute. In January 2011, the court granted summary judgment in defendants' favor on plaintiffs' claims for intentional and negligent infliction of emotional distress. Plaintiffs' claims under 42 U.S.C. § 1983 and various common law torts are pending.

### III. DISCUSSION

**A. John Marion's Criminal History**

Plaintiffs move to exclude evidence that John Marion committed a sex offense. Plaintiffs concede that John Marion was on probation, but argue that the specifics of the underlying offense are irrelevant and unfairly prejudicial. Defendants' response does not contain a legal argument and instead presents a series of conclusions. Ultimately, both parties seem to have ignored significant portions of the order and opinion at docket 123. The opinion was clear that "the [primary] issue is whether defendants had probable cause to believe that John Marion was a resident of Clovis and Frank Marion's house."[2] Without that threshold showing, defendants' argument that Margosian had reasonable suspicion that John Marion violated the terms of his probation goes

---

[2]Doc. 123 at 8.

nowhere.  Consequently, the relevance of John Marion's sex offense must be evaluated with respect to its impact on the probable cause determination.

Defendants list a series of propositions "critical to [their] case [that] cannot be proved without reference to John Marion's status as a sex offender probationer."[3]  Most of those propositions only require reference to the terms of John Marion's probation, not the underlying offense.  The condition that John Marion participate "in sex offender treatment," and the belief that John Marion was violating that condition, are only relevant if it is established that probable cause existed to believe that John Marion lived at his parents' house.

The *only* proposition listed by defendants that is relevant to the threshold issue is that John Marion listed the Harmont Drive residence as his own address when he registered as a sex offender.  In context of that issue, the probative value of John Marion listing the Harmont Drive residence on his sex offender registration is not *substantially* outweighed by the prejudicial effect of the crime.[4]  The court will allow reference to John Marion's sex offense for that limited purpose.

## B.  Evidence that John Marion Would Benefit From a Damages Award

Plaintiffs seek to exclude evidence that John Marion would benefit from a verdict in favor of plaintiffs.  The court agrees that such evidence would not be relevant but is also highly skeptical that defendants would go out of their way to present such evidence.  In any event, the court agrees with defendants that the jury is entitled to

---

[3]Doc. 132 at 3–4.

[4]Fed. R. Evid. 403.

know that the plaintiffs are deceased and that John and Robert Marion are the representatives of their estates.

**C. Clovis Marion's Statements**

Plaintiffs seek a ruling that Clovis Marion's separate statements to Robert Marion and Tammy George, plaintiffs' granddaughter, generally describing the circumstances of the search are admissible. The statements are hearsay.[5] The question is whether either statement falls under an exception to the hearsay rule. Robert Marion would testify that he received a call from his mother at around 4:35 p.m. on the day of the search, during which she described what happened. Tammy George would testify that she either received a call from or called her grandmother[6] at 4:39 p.m. on the same day and her grandmother similarly described the search and its effect on her.

Plaintiffs argue that the statements are admissible under the present sense impression exception to the hearsay rule. Federal Rule of Evidence 803(1) allows introduction of "statement[s] describing or explaining an event . . . made while the declarant was perceiving the event . . . or *immediately thereafter*."[7] Plaintiff concedes that the statements were made "approximately 30 minutes after" the search team left the Marion residence.[8] Neither statement was made while Clovis Marion was

---

[5]*See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

[6]Presumably she would testify that she called her mother. After stating at her deposition that her mother called her, George was confronted with a cell phone record indicating that she called her mother. The court is not as concerned with this discrepancy as defendants because the deposition took place in August of 2010–more than two and a half years after the search–and who placed the call is immaterial.

[7]Fed. R. Evid. 803(1) (emphasis added).

[8]Doc. 130 at 6.

perceiving the search or immediately thereafter.  Consequently, neither statement is excepted from the hearsay rule under Rule 803(1).[9]

Rule 803(2) permits introduction of "statement[s] relating to a startling event . . . made while the declarant was under the stress of excitement caused by the event."[10] Although the text of the rule suggests more flexibility than Rule 803(1) in terms of temporal proximity to the event, the Ninth Circuit has made clear "that to qualify under either exception, [the] statement must be nearly contemporaneous with the incident described."[11]  "[T]he statement of the declarant must have been a *spontaneous* reaction to the occurrence or event . . . ."[12]  Clovis Marion's statements to Robert Marion and Tammy George were not contemporaneous with the search, nor can they be considered a spontaneous reaction to it.  Plaintiffs argument that the statements could not have been made any earlier–because Clovis Marion was confined to her room during the search–is immaterial.  The temporal requirement of both rules is intended to ensure reliability.  Consequently, the statements do not fall within the exception in Rule 803(2) and the statements are inadmissible hearsay.

## D.  Testimony and Opinions of Dr. John DiBacco

Plaintiffs seek a ruling that the testimony of Dr. John DiBacco–plaintiffs' expert–is admissible.  Defendants argue that the testimony is irrelevant because the

---

[9]*See Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995).

[10]Fed. R. Evid. 803(2).

[11]*Bemis*, 45 F.3d at 1372.

[12]*Guam v. Cepeda*, 69 F.3d 369, 372 (9th Cir. 1995) (internal quotations omitted) (emphasis added).

court granted summary judgment in defendants' favor on plaintiff's negligent and intentional infliction of emotional distress claims. DiBacco's testimony is not excludable on relevance grounds because it is relevant to plaintiff's claim for punitive damages. It is also immaterial that DiBacco examined Clovis Marion at plaintiffs' counsel's request. Defendants have demonstrated no ground for excluding DiBacco's testimony.

**E. Testimony and Opinions of David Sanders**

Plaintiffs seek to exclude the testimony of David Sanders, Chief Probation Officer for the Superior Court of Pima County, Arizona–defendant's expert. Sanders would opine that the search of Frank and Clovis Marion's home was constitutional. Plaintiffs argue that Sanders does not have sufficient education, knowledge, or experience and therefore that Rule 702 bars his testimony.[13] Even if Sanders were sufficiently qualified, his testimony would not "assist the trier of fact to understand the evidence or to determine a fact in issue."[14] Defendants concede that "his opinion would help the jury determine whether the search in this case was conducted in accordance with [Fourth Amendment] standards."[15] That is a legal conclusion. Although Rule 704 states that "opinion[s] or inference[s] otherwise admissible [are] not objectionable because [they] embrace[] an ultimate issue to be decided by the trier of fact," Rule 701, 702, and 403 "afford ample assurance against the admission of opinions which would

---

[13] *See* Fed. R. Evid. 702.

[14] *Id.*

[15] Doc. 132 at 20.

merely tell the jury what result to reach."[16]  Sanders' opinion would merely tell the jury what result to reach.

## IV.  CONCLUSION

For the reasons above, plaintiffs' motion at docket 130 is **GRANTED** in part and **DENIED** in part as follows:

1) Reference to John Marion's conviction of a sex offense is permitted only in conjunction with the evidence that John Marion listed the Harmont Drive residence as his address when registering as a sex offender.

2) Direct evidence that John Marion would benefit from a verdict in plaintiffs' favor is irrelevant and inadmissible.  However, the fact that John Marion is the personal representatives of the plaintiffs' estates will not be kept from the jury.

3) Clovis Marion's telephonic statements to Robert Marion and Tammy George are excluded.

4) There is no present ground to exclude the testimony of Dr. DiBacco.

5) The testimony and opinions of David Sanders are excluded.

DATED this 28th day of July 2011.

                                                          /s/
                                         JOHN W. SEDWICK
                                   UNITED STATES DISTRICT JUDGE

---

[16] Fed. R. Evid. 704(a); Fed. R. Evid. 704 (advisory committee note).